## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHAREE PAULETTE MILLER,

        Petitioner,                                Case No. 05-73447
                                                              Hon. Victoria A. Roberts

vs.

CLARICE STOVALL, Warden
Robert Scott Correctional Facility

        Respondent.

MICHAEL A. COX
ATTORNEY GENERAL
Mark G. Sands (P67801)
Assistant Attorney General
Attorney for Respondent
Appellate Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

MICHIGAN CLINICAL LAW PROGRAM
By: Bridget McCormack (58537)
Kimberly A. Thomas (P66643)
Attorneys for the Petitioner
363 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 763-4319

### EMERGENCY MOTION TO ENFORCE BAIL, RELEASE PETITIONER, BAR RETRIAL AND TAKE OTHER ACTION AS "LAW AND JUSTICE REQUIRE"

      Sharee Miller, by her attorneys, Bridget McCormack and Kimberly Thomas of the Michigan Clinical Law Program, hereby requests that this court enforce its bail order, release petitioner, bar retrial and take other action as law and justice require:

1. This Court granted Petitioner's Petition for Writ of Habeas Corpus on August 27, 2008, ordering the State to "take steps to retry Petitioner within 60 days, or release her."

2. Warden Stovall appealed to the U.S. Court of Appeals for the Sixth Circuit. The appeal has been fully briefed and is awaiting argument.

3. Warden Stovall filed an untimely Motion for a Stay on November 17, 2008.

4. On July 15, 2009, this Court denied the Warden's Motion for a Stay and granted Petitioner's motion for bail. The Court ordered that Petitioner be released upon payment of $20,000 or 10%.

5. On July 16, 2009, the Genesee County prosecutor filed a motion in Genesee County Circuit Court to "conditionally" vacate Petitioner's conviction in the event that Respondent loses its Sixth Circuit appeal. The motion appears to argue that, while proceeding with the appeal of this Court's order granting Petitioner's Writ of Habeas Corpus, the State may retry Petitioner and, if a jury acquits her, choose to enforce the original conviction, but if a jury convicts her, choose to enforce the new conviction. *See* Motion to Conditionally Vacate Writ, Exhibit A.[1]

6. The Genesee County Circuit court signed that order the same day, before waiting for or even asking for a response from Petitioner. *See* Order, Exhibit B.

---

[1] The State's argument is without merit. The State has misrepresented the holding of *Calderon v. Moore*, 518 U.S. 149 (1996) (per curiam), for the proposition that their appeal to the U.S. Court of Appeals for the Sixth Circuit will not be moot even if they go ahead and actually hold a new trial and Miller is acquitted. *Calderon* holds that the state's grant of a new trial while the state's appeal from the habeas grant was pending did not moot the habeas appeal because "*that trial has not yet even begun*, let alone reached a point where the court could no longer award relief in the State's favor. Because a decision in the State's favor *would release it from the burden of the new trial itself*, the Court of Appeals is not prevented from granting "any effectual relief whatever" in the State's favor, and the case is clearly not moot." 518 U.S. 149, 150 (emphasis added, citation omitted). The relief Ms. Miller has sought is a new trial. If Genesee County voluntarily decides to grant her that relief, the appeal will indeed be moot. If Ms. Miller is acquitted on retrial (or convicted of something less than she was originally convicted of), the appeal is still moot. *People v Torres,* 452 Mich 131 (1996), a double jeopardy decision cited by the Prosecution in support of its argument that the State can have its cake and eat it too, is wholly irrelevant to the Sixth Circuit's mootness question if the State holds a retrial and Ms. Miller is acquitted.

7. The Genesee County Sheriff picked up Petitioner from the Huron Valley Correctional Complex on Friday, July 17th at approximately 10:45 a.m. She has been held in the Genesee County jail since then. Petitioner's counsel was informed by the Warden's assistant, approximately two hours after it occurred that Petitioner had been picked up by the Sheriff.

8. On July 17, 2009, the Warden filed a pleading with this Court which claimed that it had "complied" with this Court's orders by transferring her from one level of state custody to another.

9. The Warden did not notify this Court that it is continuing to appeal its Order granting her Writ, while detaining her.

10. On July 22, 2009, a bond hearing and arraignment on Petitioner's case was held in the Genesee County Circuit Court by Judge Fullerton.

11. At the bond hearing, the Genesee County Circuit Court remanded Petitioner without bond.

12. The Genesee County Circuit Court does not have the authority to supersede this Court's bail order by setting its own. The authority to set bail in this case rests with this Court alone. *See* Fed. R. App. P. 23; 28 U.S.C. § 2254.

13. The State was ordered, approximately 11 months ago, to take steps to retry the Petitioner within 60 days of this Court's order or to release her.

14. The State has not complied with either of these directives.

15. Until and unless the Petitioner is convicted at a new trial, she is to be released. *See, e.g., Satterlee v. Wolfenbarger*, 453 F.3d 362 (6th Cir. 2006).

16. Further, this Court may bar retrial due to the State's apparent attempts to avoid compliance with this Court's order. *See, e.g., id.*

17. Finally, the State actions in this matter have, at a minimum, prejudiced Petitioner's ability to pay the bail set by this Court.

3

Wherefore, the Petitioner requests that this Court grant her Motion to Enforce the Court's Bail Order, Release Petitioner, Bar Retrial and Take Other Action as "Law and Justice Require."

Dated: July 22, 2009

Respectfully submitted,

MICHIGAN CLINICAL LAW PROGRAM


| /s/ Bridget M. McCormack | /s/ Kimberly Thomas |
|---|---|
| Bridget M. McCormack (P58537) | Kimberly Thomas (P66643) |
| Attorney for Petitioner | Attorney for Petitioner |
| bridgetm@umich.edu | kithomas@umich.edu |

Edward T. Schexnayder
Student Attorney for Petitioner

Michigan Clinical Law Program
801 Monroe Street
363 Legal Research Bldg.
Ann Arbor, MI 48109-1215
(734) 763-4319
mclp@umich.edu

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAREE PAULETTE MILLER,

       Petitioner,                    Case No. 05-73447
                                                 Hon. Victoria A. Roberts

vs.

CLARICE STOVALL, Warden
Robert Scott Correctional Facility

       Respondent.

MICHAEL A. COX
ATTORNEY GENERAL
Mark G. Sands (P67801)
Assistant Attorney General
Attorney for Respondent
Appellate Division
P.O. Box 30217
Lansing, MI 48909
(517) 373-4875

MICHIGAN CLINICAL LAW PROGRAM
By: Kimberly A. Thomas (P66643)
Bridget McCormack (P58537)
Attorney for the Petitioner
363 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 763-4319

**BRIEF IN SUPPORT OF EMERGENCY MOTION TO ENFORCE BAIL, RELEASE PETITIONER, BAR RETRIAL AND TAKE OTHER ACTION AS "LAW AND JUSTICE REQUIRE"**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

The State has not adequately complied with this Court order of August 27, 2008 to release or take steps to retry Petitioner within 60 days.  Instead, the State has taken the novel approach of "conditionally" vacating the conviction, thwarting this Court's bail order of July 15, 2009, and holding Petitioner in custody.  Petitioner asks this Court to enforce its bail order, release Petitioner, bar retrial or take other action as "law and justice require."

## CONTROLLING OR APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

*Satterlee v. Wolfenbarger*, 453 F.3d 362 (6th Cir. 2006) .......................................................... 4, 5

Fed. R. App. P. 23 ................................................................................................................. 2, 3, 6

28 U.S.C. § 2243 ....................................................................................................................... 5, 7

28 U.S.C. § 2254 .......................................................................................................................... 3

## ADDITIONAL AUTHORITIES CITED

*Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000) ........................................................... 5

*Fisher v. Rose*, 757 F.2d 789 (6th Cir. 2006) ................................................................................

*Garrison v. Hudson*, 468 U.S. 1301 (1984) ................................................................................. 5

*Johnson v. Smith*, 764 F.2d 114 (2nd Cir. 1985) .......................................................................... 5

*Marino v. Vasquez*, 812 F.2d 499 (9th Cir. 1987) ........................................................................ 2

*Phifer v. Warden, United States Penitentiary*, 53 F.3d 859 (7th Cir. 1995) ................................. 4

*Satterlee v. Wolfenbarger*, No. 03-71682-DT, 2007 U.S. Dist LEXIS 36046
   (E.D. Mich. May 17, 2007) ...................................................................................................... 5

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989) .......... 4

*Wilkinson v. Dotson*, 544 U.S. 74 (2005) ..................................................................................... 4

**FACTS**

Ms. Miller petitioned this Court for a writ of habeas corpus from her unconstitutional custody, asserting that, among other things, the state trial violated her rights under the Sixth Amendment Confrontation Clause. After reviewing the merits of her petition, the Court conditionally granted Ms. Miller a writ of habeas corpus and ordered the State to take steps to try Ms. Miller within 60 days, or release her. On September 25, the Warden appealed the Court's order to the U.S. Court of Appeals for the Sixth Court, and the appeal has been fully briefed and awaits argument. The Warden did not release or retry Ms. Miller within 60 days. On July 15, this Court denied the Warden's untimely motion for a stay and granted Ms. Miller's Motion to Set Bail, and set bail at $20,000 or 10% thereof.

Immediately following this Court's order setting bail, the Genesee County prosecutor filed a motion in Genesee County Circuit Court to "conditionally" vacate Ms. Miller's conviction. (*See* Motion to Conditionally Vacate Writ, Exhibit A.) That day, the Genesee County Circuit Court signed that order without giving Ms. Miller, through her counsel, a chance to respond. (*See* Order, Exhibit B.) On July 17, the Genesee County Sheriff retrieved Ms. Miller from the Michigan Department of Corrections custody and has held her in the Genesee County jail. The Genesee County Sheriff has not released Ms. Miller and apparently believes the Genesee County Circuit Court can and has overridden this Court's bail order. On July 22, the Genesee County Circuit Court arraigned Ms. Miller and remanded her without bond.

On July 17, the Warden filed a pleading with this Court which claimed that it had "complied" with this Court's orders by transferring Ms. Miller to the Genesee County Jail. However, the Warden failed to notify this Court that it is continuing to appeal its Order granting her Writ while detaining her.

1

**ARGUMENT**

**I. THE GENESSEE COUNTY SHERIFF'S REFUSAL TO RELEASE MS. MILLER AND THE STATE CIRCUIT COURT'S SETTING OF BAIL VIOLATES THIS COURT'S AUTHORITY TO SET BAIL AND ORDER RELEASE OF MS. MILLER**

The State has not, despite its "certificate of compliance," complied with this Court's order of August 27, 2008 to either release Ms. Miller or take steps to retry her within 60 days.

The State has not taken timely steps to retry Ms. Miller. The current actions, which involve "tak[ing] [Petitioner] into custody on the charges," *see* July 16, 2009 Order of Genesee County Circuit Court (Exhibit B), occurred nearly 11 months after this Court's order, not within 60 days.

Nor has the State released Ms. Miller. Ms. Miller was transferred from the custody of the Michigan Department of Corrections into the custody of the Genesee County Sheriff's Department. As an initial matter, the transfer of custody of a habeas petitioner during the pendency of the State's appeal can only be accomplished with this Court's authority. *See* Fed. R. App. P. 23(a) ("Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.").

Further this Court holds the authority to release a state prisoner during the pendency of her habeas corpus petition. A federal court's power to "release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself." *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987). Fed R. App. P. 23(c) grants a federal court the power to release a prisoner even while the court's release order is appealed:

> While a decision ordering the release of a prisoner is under review, the prisoner must –
> unless *the court or judge rendering the decision*, or the court of appeals, or the Supreme

2

Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety. (Emphasis added).

Here, this Court properly granted Ms. Miller's Motion to Set Bail pursuant to its authority Fed R. App. P. 23 and 28 U.S.C. § 2254. This order remains in effect during the pendency of the State's appeal of the conditional grant of the writ of habeas corpus issued August 27, 2008.

The State has attempted to circumvent this Court's bail order by having the Genesee County Circuit Court order Ms. Miller's arrest and "conditionally vacate" her convictions – conditioned upon the future actions of the Sixth Circuit Court. (*See* Motion to Conditionally Vacate Writ, Exhibit A.) However, the State also intends to pursue its appeal to the Sixth Circuit and then choose which decision – the jury's verdict on retrial or the federal court's resolution of habeas – it likes better, even if Ms. Miller is acquitted at retrial.[2] This unprecedented "conditional" vacating, ordered by the Genesee County Circuit Court without any opportunity for Ms. Miller to respond, does not effectively set aside the invalid conviction and it does not achieve either the release or retrial of Ms. Miller.

Insofar as the Genesee County Circuit Court has the authority to order Ms. Miller's confinement pending her retrial, that authority is preempted by this Court's power to set bail while its writ of habeas corpus is appealed. Fed R. App. P. 23(c) endows this Court and other *federal* courts the authority stay an order releasing an inmate from confinement while that order is under review. *See also* Fed. R. App. P. 23(d). Because Respondent continues to appeal the Court's grant of habeas relief to Ms. Miller, the Court maintains the sole authority to set bail in this case, and its bail order should be enforced.

---

[2] In its motion, the State asserts: "The conditional vacatur of the convictions would be subject to the appeal – the convictions would remain valid if the Sixth Circuit later concluded that the convictions are constitutionally valid. In sum, even if defendant were acquitted, the State of Michigan would have the opportunity to seek the reinstatement of the convictions." *See id.*

3

Further, if federal and state law come into conflict, the Supremacy Clause, U.S. Const. art. VI, cl. 2, dictates that the federal law preempts that of the state. *See, e.g., Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989) ("[S]tate law may nonetheless be preempted to the extent that it actually conflicts with federal law – that is, to the extent that it stands as an obstacle to the full accomplishment and execution of the full purposes and objectives of Congress") (internal quotations omitted).

## II. RESPONDENT'S FAILURE TO COMPLY WITH THIS COURT'S ORDERS ENTITLES MS. MILLER TO RELEASE AND ALLOWS THIS COURT TO BAR RETRIAL

As the Court noted in its July 15, 2009 order, federal district courts grant conditional habeas corpus writs in order to allow the State "a window of time within which it might cure the…error. When the state fails to cure the error, i.e., when it fails to comply with the order's conditions, a conditional grant of habeas corpus *requires* the petitioner's release from custody." *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (internal quotations omitted). It is fully within the Court's power to grant a habeas petitioner immediate and unconditional release when the respondent neither complies with the order's conditions nor releases the petitioner. *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release"); *Phifer v. Warden, United States Penitentiary*, 53 F.3d 859 (7th Cir. 1995).

4

In Ms. Miller's case, the State takes the "novel" position that it can both complete a retrial of Petitioner and continue its appeal of this Court's order and, essentially, choose which decision it prefers.[3] This tactic does not fulfill this Court's orders.[4]

In cases, such as this one, of "extraordinary circumstances…when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial, a habeas court may forbid reprosecution." *Satterlee*, 453 F.3d at 370 (internal quotations omitted); *see also* 28 U.S.C. 2243 (Court's authority to dispose of habeas matter "as law and justice require"). In *Satterlee v. Wolfenbarger*, the warden failed to release a habeas petitioner, an inmate held by the Michigan Department of Corrections, following both a conditional and then an unconditional release order from the federal district court. *See Satterlee*, No. 03-71682-DT, 2007 U.S. Dist LEXIS 36046, at *1-2 (E.D. Mich. May 17, 2007) (Exhibit C). As result of the warden's persistent failure to release the petitioner, the court again ordered release and barred retrial. *See id.* at *5.

Here, despite the Court's latest order to release Ms. Miller, she remains in custody. The State did not notify this Court that it is continuing its appeal of Ms. Miller's habeas relief, even after transferring her custody to Genesee County and initiating reprosecution proceedings. Additionally, in securing the Genesee County Court's "conditional" order to hold and retry Ms. Miller, the State creates a novel legal foundation for proceeding fully in both federal and state

---

[3] In fact, if Ms. Miller is retried, the habeas appeal in the Sixth Circuit is moot. *See, e.g., Johnson v. Smith*, 764 F.2d 114, 115 (2nd Cir. 1985) (appeal of district court's habeas grant is moot once retrial is held); *Garrison v. Hudson*, 468 U.S. 1301, 1302 (1984) (Burger, C.J.) (in-chambers opinion) (retrial would moot habeas cert petition).

[4] Additionally, the State's failure to comply with a habeas court's unstayed order can also result in contempt sanctions against the State; these contempt sanctions can, among other things, remedy the harm caused by the State's non-compliance. *See, e.g., Burdine v. Johnson*, 87 F. Supp. 2d 711, 713-716 (2000).

5

courts – trying to have its cake and eat it too.  (*see* Exhibit A.)   Given the State's maneuvering in this matter, this Court should exercise its authority to bar retrial in this matter.  Because the State has contravened this Court's order and continues to unconstitutionally hold Ms. Miller in custody, and because it has, under an unprecedented interpretation of the law it cites, attempted to manipulate habeas procedure to both retry and pursue its appeal in the Sixth Circuit, Petitioner respectfully requests that this Court order her immediate release from custody and bar her reprosecution by the State.

### III. RESPONDENT'S UNAUTHORIZED ACTIONS HAVE PREJUDICED PETITIONER'S ABILITY TO POST THE BAIL SET BY THIS COURT

Finally, the State's actions have prejudiced Ms. Miller's ability to post the bond set by this Court.  As mentioned above, the State cannot transfer a prisoner from one custodian to another pending appellate review absent this Court's permission.  *See* Fed. R. App. P. 23(a).  While in custody of the Michigan Department of Corrections, Ms. Miller had approximately $280 in a prisoner account, which could have been used towards the payment of bail.  Because of her abrupt transfer to Genesee County, Ms. Miller cannot access this money.  Further, while in the Department of Corrections' custody, Ms. Miller was in possession of several hundred dollars worth of property, purchased by Ms. Miller, which possibly could have been sold to help raise money.  The unauthorized transfer to Genesee County Jail prohibited her from accessing this money to help post the bail ordered by this Court.

### RELIEF REQUESTED

Ms. Miller respectfully requests that this Court:

1) Enforce this Court's July 15, 2009 Bail order or a reduced Bail order;

2) Compel the Genesee County Sheriff to release her from Genesee County Jail;

3) Bar retrial of Petitioner; and/or

4) Take any other actions, under this Court habeas authority to dispose of the case "as law and justice require," 28 U.S.C. § 2243, that this Court deems necessary.

Dated: July 22, 2009

Respectfully submitted,

MICHIGAN CLINICAL LAW PROGRAM

| | |
|---|---|
| /s/ Bridget M. McCormack (P58537) <br> Bridget M. McCormack <br> Attorney for Petitioner <br> bridgetm@umich.edu (P58537) | /s/ Kimberly Thomas (P66643) <br> Kimberly Thomas <br> Attorney for Petitioner <br> kithomas@umich.edu (P66643) |

Edward T. Schexnayder
Student Attorney for Petitioner

Michigan Clinical Law Program
801 Monroe Street
363 Legal Research Bldg.
Ann Arbor, MI 48109-1215
(734) 763-4319
mclp@umich.edu

## **STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1**

On July 22, 2009, a phone conference was held between attorney for Petitioner, Kimberly Thomas and attorney for Respondent, Mark Sands. At this conference, the movant explained the nature of the motion or request sought herein and its legal basis and requested by did not obtain concurrence in the relief sought.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Mark G Sands, at SandsG1@michigan.gov .

s/Kimberly Thomas (P66643)
MICHIGAN CLINICAL LAW PROGRAM
801 Monroe Street
363 Legal Research Building
Ann Arbor, MI 48109-1215
(734) 763-4316
kithomas@umich.edu **(P66643)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAREE PAULETTE MILLER,

        Petitioner,                      Case No. 05-73447
                                                          Hon. Victoria A. Roberts

vs.

CLARICE STOVALL, Warden
Robert Scott Correctional Facility

        Respondent.

**EMERGENCY MOTION TO ENFORCE BAIL, RELEASE PETITIONER, BAR RETRIAL AND TAKE OTHER ACTION AS "LAW AND JUSTICE REQUIRE"**

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A: | Genesee County Prosecutor's Motion to Conditionally Vacate Defendant's Convictions |
| Exhibit B: | Order granting prosecutor's Motion to Conditionally Vacate Defendant's Convictions |
| Exhibit C: | *Satterlee v. Wolfenbarger* (E.D. Mich. May 17, 2007) |